**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **HOSPITAL SERVICE DISTRICT NO.1 OF THE PARISH OF LASALLE, STATE OF LOUISIANA** | **CIVIL CASE NO. 25-495** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TRUBRIDGE, INC.** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Before the Court are two motions. The first is a Motion to Determine the Disposition of the Second-Filed Suit Pursuant to the First-to-File Rule (R. Doc. 26) filed by Hospital Service District No. 1 of the Parish of LaSalle, State of Louisiana d/b/a Hardtner Medical Center ("Hardtner"). TruBridge, Inc. ("TruBridge") opposes the motion (R. Doc. 34). Hardtner replied (R. Doc. 38). The second is a Motion to Dismiss (R. Doc. 28) filed by TruBridge. Hardtner opposes the motion (R. Doc. 32). TruBridge replied (R. Doc. 33).

After consideration of the parties' memoranda and the applicable law, Hardtner's Motion is **GRANTED** and TruBridge's Motion is **DENIED**.

## I. BACKGROUND

This dispute arises out of a Cloud Electronic Health Record (EHR) Service Agreement along with several amendments and addendums (collectively, the

"Agreement") entered into by TruBridge[1] and Hardtner—a political subdivision of the State of Louisiana—on or around June 2, 2021. *See* R. Doc. 1, ¶ 8. Under the Agreement, TruBridge "agreed to provide certain services in connection with electronic health records, including certain 'Cloud EHR Services' …, and access to certain computer software systems …." *See* R. Doc. 1, ¶ 9; *see also* R. Doc. 19-1 at 1.

Notably, the Agreement contained, *inter alia*, a choice-of-law and forum selection provision. Section 23 of the Agreement (the "forum selection clause") provides:

> This Agreement shall be construed and enforced under the laws of the State of Alabama, excluding rules as to choice of law and conflict of law. The *exclusive and sole venue* for any action brought *to enforce or interpret this Agreement shall be* the state and federal courts situated in Mobile, County, Alabama and each party consents to the exercise of personal and subject-matter jurisdiction by such courts.

*See* R. Doc. 19-1 at 9, ¶ 23 (emphasis added). Although the Agreement was for a term of seven years, *see* R. Doc. 1 at 4, on June 5, 2024, Hardtner notified TruBridge that it was terminating the Agreement, alleging that the Agreement was null and void under Louisiana law, or alternatively, that TruBridge had materially breached the terms of the Agreement based on misrepresentations about the functionality of the services. *See* R. Doc. 32-1. On July 30, 2024, TruBridge responded, denying Hardtner's allegations and warning that it would have "no choice but to pursue all remedies available to protect [its] interests," if Hardtner breached its obligations under the Agreement. *See* R. Doc. 32-2. According to TruBridge, Hardtner did not

---

[1] At the time the parties entered into the Agreement, TruBridge was operating under the name Evident, LLC, but is referred to herein for all purposes and with respect to all time periods as TruBridge.

respond to TruBridge's July 2024 letter. *See* R. Doc. 34 at 4. Then, on April 7, 2025, TruBridge's counsel sent a letter to Hardtner demanding payment of Hardtner's outstanding balance and that Hardtner resume making its monthly payments pursuant to the Agreement. *See* R. Doc. 28-2. The letter stated, in part:

> As such, demand is hereby made upon Hardtner to remit payment of the Outstanding Amount to TruBridge within ten (10) days of the date of this letter, and to thereafter resume making the monthly payments required of it. Failure to do so will result in Trubridge instituting legal action against Hardtner in the state or federal courts in Mobile County, Alabama.

*See id*. at 1.

Seven days later, on April 14, 2025, Hardtner filed suit in this Court (the "Louisiana Action"), seeking a declaratory judgment that the Agreement is null and void, while also alleging claims against TruBridge for breach of the Agreement and fraudulent misrepresentation related to the Agreement. *See* R. Doc. 1, ¶¶ 38–52. Hardtner's counsel contacted TruBridge's counsel on April 17, 2025, and informed him that Hardtner filed the Louisiana Action three days earlier. *See* R. Doc. 26-5 at 14–15.[2] Hardtner then sent TruBridge a settlement letter dated May 14, 2025. *See* R. Doc. 32-3.

On August 1, 2025, TruBridge filed suit against Hardtner in the Southern District of Alabama (the "Alabama Action") pursuant to the Agreement alleging claims for breach of contract, fraudulent suppression, fraudulent misrepresentation, and promissory estoppel. *See TruBridge, Inc. v. LaSalle Parish Hospital Service*

[2] TruBridge asserts that while the Complaint and Summons were served on July 8, 2025, TruBridge was not aware it had been served until August 27, 2025, due to an error by TruBridge's registered agent. *See* R. Doc. 34 at 2 n. 2.

*District No. 1*, 1:25-cv-00321, R. Doc. 1 (S.D. Ala. 2025). TruBridge moved to transfer venue from this Court to the Southern District of Alabama based on the forum selection clause within the Agreement and 28 U.S.C. § 1404(a), *see* R. Doc. 19, which this Court denied. *See* R. Doc. 25.[3]

While TruBridge's motion to transfer was pending in this Court, Hardtner filed a motion to dismiss, or, in the alternative, stay or transfer the Alabama Action based, in part, on application of the first-to-file rule. *See* R. Doc. 26-3. The Southern District of Alabama denied the motion but stayed the action, pending this Court's determination of the application of the first-to-file rule. *See* R. Doc. 26-2.

## II. APPLICABLE LAW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement provides opposing parties 'fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). A court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v.*

[3] After this Court denied TruBridge's motion to transfer, Trubridge filed a petition for writ of mandamus at the Fifth Circuit, seeking an order compelling this Court to transfer the case to the Southern District of Alabama. *See In re Trubridge, Inc. v. Hosp. Serv. Dist. No. 1 of the Par. of Lasalle*, No. 25-30727, 2026 WL 252660 (5th Cir. Jan. 30, 2026). TruBridge's petition was denied. *See id.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 569). As the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). This plausibility standard calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim; however, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* (citation omitted).

"A court should not dismiss a complaint with properly pled factual allegations, even if it strikes [the court] that actual proof of those alleged facts is improbable." *Bazinet v. Beth Israel Lahey Healthy, Inc.*, 113 F.4th 9, 15 (5th Cir. 2024) (quoting *Twombly*, 550 U.S. at 556) (cleaned up). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Ultimately, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

## III. ANALYSIS

### a. *Brillhart* and *Colorado River*

Trubridge moves this Court to dismiss the Louisiana Action and allow the Alabama Action to proceed by relying on its broad discretion under the Declaratory Judgment Act ("DJA"). *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) ("Since its inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *see also Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 391 (5th Cir. 2003).

In the Fifth Circuit, courts apply one of two tests to guide decisions regarding the discretionary stay or dismissal of an action. *See New England Ins. Co. v. Barnett*, 561 F.3d 392, 394–96 (5th Cir. 2009). When an action is a pure declaratory judgment action, the *Brillhart* standard "affords a district court broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act." *Id*. at 394 (discussing *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)). Where an action seeks both declaratory relief and coercive relief, the more narrowly construed *Colorado River* standard governs unless the coercive claims "are frivolous" or "were added as a means of defeating *Brillhart*." *Id*. at 396 (discussing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)). Trubridge argues that this Court should apply the *Brillhart* standard, *see* R. Doc. 28-1 at 10, while Hardtner asserts that neither test applies, *see* R. Doc. 32 at 8–13. Hardtner is correct.

For starters, "when an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 n. 4 (5th Cir. 2002) (emphasis added); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (inclusion of request for coercive relief for breach of contract in the form of damages, attorney's fees, and injunctive relief "indisputably removes this suit from the ambit of a declaratory judgment action").[4] "The Fifth Circuit has stated, in no uncertain terms, that it 'follows th[is] approach.'" *Hanover Ins. Co. v. JA Group, LLC*, No. 16-609, 2017 WL 4295235, at *2 (W.D. Tex. Sept. 27, 2017) (quoting *New England Ins. Co.*, 561 F.3d at 395). However, "*Colorado River* abstention applies only when a parallel state case remains pending." *King v. Caldwell ex rel. Louisiana*, 21 F. Supp. 3d 651, 654 (E.D. La. 2014) (citing *Stewart v. W. Heritage Ins. Co.,* 438 F.3d 488, 491 (5th Cir. 2006)). And, here, since there are two parallel *federal* cases, *Colorado River* is inapplicable. *See id.*; *see also Brown v. P. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) ("[The *Colorado River* abstention] doctrine only applies when there are parallel proceedings pending in federal and state court.") (citing *RepublicBank Dallas, Nat. Ass'n v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir. 1987)).

The *Brillhart* doctrine "applies only to cases that are exclusively declaratory in nature." *BITCO Gen. Ins. Corp. v. Dash Bldg. Material Ctr., Inc.*, No. 18-13951, 2019 WL 1254891, at *2 (E.D. La. Mar. 19, 2019) (citing *Southwind Aviation, Inc.*, 23 F.3d at 951). Trubridge, contends that Hardtner's coercive claims were added as a means

---

[4] Coercive remedies include monetary and injunctive relief. *See Southwind Aviation, Inc.*, 23 F.3d at 951.

to avoid application of the *Brillhart* standard, and they are solely pled in the alternative. *See* R. Doc. 28-1 at 10. Hardtner, however, asserts that Trubridge's "argument easily fails" because its Complaint requests coercive relief. *See* R. Doc. 32 at 8–9. Namely, Hardtner asserts that the Complaint prays for "[j]udgment for damages resulting from Trubridge, Inc.'s fraudulent misrepresentations, including without limitation actual damages and attorney's fees," and, alternatively requests "judgment awarding damages and attorney's fees resulting from Trubridge's breach of the Agreement …." *See id*. Further, Hardtner asserts that its Complaint does not use "in the alternative" language to plead its fraudulent misrepresentation claim, and its breach of contract claim is pled in the alternative to the declaratory judgment claim because the claims are mutually exclusive. *See id*. at 11.

We agree with Hardtner that the fraudulent misrepresentation claim was not pled in the alternative. This finding alone precludes application of the *Brillhart* standard. However, we also agree with Hardtner that claims pled "in the alternative" can be considered "coercive" because "the Federal Rules of Civil Procedure specifically allow alternative pleadings," and we find "[no] justification" to adopt a rule to the contrary. *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, No. 08-243, 2010 WL 278877, at *2 (E.D. Tex. Jan. 20, 2010) (citing Fed R. Civ. P. 8); *see also Kelly Inv., Inc.*, 315 F.3d at 497 n.4 ("[W]hen an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable.") (emphasis added); *Southwind Aviation, Inc.*, 23 F.3d at 951 (inclusion of request for coercive relief for breach of contract in the form of damages, attorney's fees, and injunctive relief

"indisputably removes this suit from the ambit of a declaratory judgment action"); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973) ("To label the claim for an injunction 'ancillary' does not advance analysis …."). Further, "the dependency of the breach of contract action on the declaratory judgment action does not render it frivolous." *LM Ins. Corp. v. Circle T, Ltd.*, No. 20-311, 2021 WL 107211, at *3 (S.D. Miss. Jan. 12, 2021) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (holding that a party's claim for coercive relief cannot be ignored simply because it is "ancillary to its request for declaratory relief"). Thus, since neither *Brillhart* nor *Colorado River* is applicable to this action, we now decide whether the first-to-file rule applies.

**b. First-to-File**

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013). "The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Id.* (internal quotation and citation omitted). "This concern applies where ... related cases have been filed in different districts" and "manifestly is to avoid the waste of duplication, to avoid

rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id*.

"The rule does not require the cases to be identical. Instead, the crucial inquiry is one of substantial overlap." *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). "In deciding if a substantial overlap exists, [the Fifth Circuit] has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.'" *Id*. "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] ... no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 606. Therefore, "the 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id*. In sum, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950.

In the instant case, the parties do not dispute that the Louisiana Action substantially overlaps with the Alabama Action. It is also undisputed that Hardtner initiated the Louisiana Action before TruBridge filed its complaint in the Alabama Action. The Court agrees that the substantive issues and parties are essentially identical. The parties dispute, however, which court should "take the case."

As a matter of comity, the first-filed rule provides that "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit[.]" *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Cadle Co.*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."). The Fifth Circuit has stated that only "compelling circumstances" can justify departure from it. *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir. 1971). District courts in the Fifth Circuit "have specifically identified two situations in which compelling circumstances prevent the application of the first-to-file rule"—the "bad faith" exception and the "anticipatory-filing" exception. *In re Toyota Hybrid Brake Litig.*, No. 20-127, 2020 WL 6161495, at *7 (E.D. Tex. Oct. 21, 2020).

Trubridge does not argue that the "bad faith" exception applies here. Instead, TruBridge argues that Hardtner filed the Louisiana Action in this Court in anticipation of being sued in Alabama and thereby engaged in forum shopping. *See* R. Doc. 34 at 4. As TruBridge points out, several courts in the Fifth Circuit have concluded that an anticipatory suit initiated for the purpose of obtaining a favored forum constitutes a compelling circumstance that justifies a deviation from the first-to-file rule. *See, e.g., Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.,* No. 07-637, 2007 WL 5186798, at *4 (S.D. Tex. Sept.11, 2007) ("[A]n anticipatory suit is also one of the compelling circumstances courts cite when declining to apply the first-filed

rule."); *Fl. Marine Transporters v. Lawson & Lawson Towing Co.*, No. 00–2602, 2001 WL 1018364, at *3 (E.D. La. Aug. 31, 2001); *Igloo Products Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990) ("[O]ne of the special circumstances cited by courts that have declined to apply the first-filed rule is an indication that the first-filed suit was initiated in anticipation of the subsequent suit."). However, this exception only applies when the first-to-file party is "seeking only declaratory relief." *Sally Holdings LLC v. Bd. Americas, Inc.*, No. 22-285, 2023 WL 4424599, at *2 (E.D. Tex. July 10, 2023). And since Hardtner is seeking more than just declaratory relief, *see ante* at 6–9, the anticipatory suit exception to the first-to-file rule does not apply. Accordingly, there are no "compelling circumstances" warranting an exception to the rule, and this Court is the proper venue for the dispute.

**c. Breach of Contract and Fraudulent Misrepresentation**

Trubridge also moves to dismiss Hardtner's claims for breach of contract and fraudulent misrepresentation. *See* R. Doc. 28-1 at 14–19.

First, Trubridge argues that Hardtner fails to sufficiently allege a claim for breach of contract because Hardtner did not identify any contractual promise that Trubridge breached. *See* R. Doc. 28-1 at 15. Specifically, Trubridge argues that Hardtner's breach of contract claim fails because Hardtner did not allege a breach of a specific provision of the contract. *See id*. On the other hand, Hardtner asserts that it is not required to identify specific contractual provisions and that its allegations support the elements required to sufficiently state a claim for breach of contract. *See* R. Doc. 32 at 22. "A breach of contract claim under Louisiana law has three essential

elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *Williams v. State Farm Fire & Cas. Co.*, No. 26-1005, 2026 WL 1694674, at *2 (W.D. La. June 10, 2026) (first quoting *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 650 (E.D. La. 2022) and then citing *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018)).

The Fifth Circuit has held that "in order to allege a valid 'claim for breach of an *insurance* contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002)) (emphasis added). However, this requirement does not extend to general breach-of-contract claims under Louisiana law, and the Fifth Circuit recently declined to extend any requirement of pleading a specific breached provision. *Spinosa v. Foremost Ins. Co. Grand Rapids Michigan*, No. 24-30472, 2025 WL 304530, at *1 n.2 (5th Cir. Jan. 27, 2025) ("[W]hile Louisiana law is in play here, federal law is the key to the pleading standards, and we do not require plaintiffs to plead the specific breached provision.") (citing *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021) ("While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity.") and also citing *Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 731–32 (5th Cir. 2018) (rejecting the notion that "to

properly plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached")).

However, as Trubridge points out, the Agreement at issue in this case may require more specificity to satisfy the pleading standard in Rule 8. *See Sanchez Oil & Gas Corp.*, 7 F.4th at 310 n.11 ("That the pleading was sufficient in this contract dispute, governed by an agreement neither exceedingly long nor rife with addenda, exhibits, and multiple parts, does not mean that Rule 8 would necessarily be satisfied by general allegations involving more complex contracts."). The Agreement at issue "is [37] pages, including at least two exhibits, a third-party software addendum, business associate agreement, and at least three [ ] amendments." *See* R. Doc. 33 at 6; *see also* R. Doc. 19. So, here, we find that generally alleging violations of the Agreement without reference to the Agreement, and Trubridge's obligations under it, are not satisfactory to state a claim for breach of contract. *See, e.g., Favre v. Sharpe*, 117 F.4th 342, 346 (5th Cir. 2024) ("We ... disregard conclusory allegations and legal conclusions.") Accordingly, Hardtner has failed to state a claim against Trubridge for breach of contract.

Trubridge next argues that Hardtner's fraudulent misrepresentation claim fails to sufficiently allege facts to satisfy Rule 9(b)'s heightened pleading standard. *See* R. Doc. 28-1 at 17–19. Federal Rule of Civil Procedure 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Pleading fraud with particularity in [the Fifth] [C]ircuit requires time, place and contents of the false representations, as well as the

identity of the person making the misrepresentation and what that person obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Said differently, "Rule 9(b) requires, at a minimum, 'that a plaintiff set forth the who, what, when, where, and how of the alleged fraud.'" *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)) (internal quotation marks omitted). Rule 9(b) governs pleading standards for federal and state-law fraud claims. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b).") (citing *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) and *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Here, Hardtner fails to properly allege the "who, what, when, where, and how of the alleged fraud." *Steury*, 625 F.3d at 266 (quotation omitted). "The requirement that the identity of the person allegedly making the misrepresentation be alleged means that the bare allegation that a corporation made a misrepresentation is not sufficient." *Meyers v. Textron Fin. Corp.*, No. 11-624, 2011 WL 4590796, at *2 (N.D. Tex. Oct. 4, 2011) (citing *7–Eleven Inc. v. Puerto Rico–7 Inc.,* No. 08-140, 2008 WL 4951502, at *4 (N.D.Tex. Nov. 19, 2008)). Further, under Rule 9(b), "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–178 (5th Cir. 1997) (citation omitted). Plaintiff

has failed to meet these requirements. Thus, Hardtner has failed to state a claim against Trubridge for fraudulent misrepresentation.

**d. Leave to Amend**

In its opposition, Hartdtner seeks leave to amend its original complaint and file an amended complaint if we found the original complaint insufficient. *See* R. Doc. 32 at 24, 26. Trubridge made no arguments in response to these requests. A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While a court is permitted to deny leave to amend, "there is a strong presumption in favor of granting leave to amend." *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Although Hardtner did not file a formal motion to amend, courts have held that requests for leave to amend in responses to motions to dismiss can constitute proper motions to amend. *See, e.g.*, *Central Laborers' Pension Fund v. Integrated Electrical Services Inc.*, 497 F.3d 546, 556 (5th Cir. 2007).

It is not clear, based on the pleadings currently before the Court, that there exists no possible set of facts that would, if properly pleaded, sufficiently state a claim for breach of contract and fraudulent misrepresentation. While Hardtner failed to cite the specific provisions and Trubridge's obligations under the Agreement in its original complaint and further failed to adequate plead fraudulent misrepresentation under Rule 9(b), the Court is not certain that the deficiencies cannot be cured, particularly against the backdrop of a strong presumption in favor of granting leave to amend. Accordingly, Trubridge's motion to dismiss Hardtner's breach of contract and fraudulent misrepresentation claims shall be denied without prejudice, and

Hardtner shall be granted leave to amend its complaint. Trubridge may reassert its Rule 12(b)(6) motion to dismiss if it believes the amended complaint fails to cure the defects in the original complaint noted above.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Hardtner's Motion (R. Doc. 26) is **GRANTED**, and this Court will retain jurisdiction over this first-filed suit.

**IT IS FURTHER ORDERED** that Trubridge's Motion (R. Doc. 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Hardtner may file an Amended Complaint within fourteen (14) days of this Memorandum Ruling and Order to cure the deficiencies described above.

**THUS DONE AND SIGNED** this 24th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**